**F I L E D**
CLERK, U.S. DISTRICT COURT

8/9/2023

CENTRAL DISTRICT OF CALIFORNIA
BY: _____ TV _____ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

October 2022 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 2:23-cr-00397-WLH |
| Plaintiff, | I N D I C T M E N T |
| v. | [21 U.S.C. § 846: Conspiracy to Distribute and Possess with Intent to Distribute Methamphetamine; 21 U.S.C. §§ 841(a)(1), (b)(1)(C): Possession with Intent to Distribute Methamphetamine; 18 U.S.C. § 922(g)(1): Felon in Possession of Ammunition; 18 U.S.C. § 924; 28 U.S.C. § 2461(c): Criminal Forfeiture] |
| RYAN SCOTT BRADFORD, aka "Peck.erwood88," aka "Peck Erwood," aka "@Peck erwood818," | |
| Defendant. | |

The Grand Jury charges:

COUNT ONE

[21 U.S.C. § 846]

A.  OBJECTS OF THE CONSPIRACY

Beginning on a date unknown to the Grand Jury, and continuing through on or about November 13, 2022, in Los Angeles County, within the Central District of California, and elsewhere, defendant RYAN SCOTT BRADFORD, also known as ("aka") "Peck.erwood88," aka "Peck Erwood," aka "@Peck erwood818" ("BRADFORD"), conspired with others known and unknown to the Grand Jury, including unindicted co-

1  conspirator #1, to knowingly and intentionally distribute and possess
2  with intent to distribute methamphetamine, a Schedule II controlled
3  substance, in violation of Title 21, United States Code, Sections
4  841(a)(1) and (b)(1)(C).
5  B.   MANNER AND MEANS OF THE CONSPIRACY
6       1.   Defendant BRADFORD would identify individuals who were able
7  to supply methamphetamine to unindicted co-conspirator #1.
8       2.   Unindicted co-conspirator #1 would obtain methamphetamine
9  and other drugs from sources of supply.
10      3.   Defendant BRADFORD would identify customers who would
11 purchase drugs from unindicted co-conspirator #1.
12      4.   Unindicted co-conspirator #1 would sell methamphetamine and
13 other drugs to customers in Los Angeles County.
14      5.   Defendant BRADFORD would store and package methamphetamine
15 for unindicted co-conspirator #1.
16      6.   Unindicted co-conspirator #1 would supply defendant
17 BRADFORD with methamphetamine to use as payment.
18      7.   Unindicted co-conspirator #1 would arm himself with
19 firearms in connection with his drug distribution activities.
20 C.   OVERT ACTS
21      In furtherance of the conspiracy and to accomplish its objects,
22 on or about the following dates, defendant BRADFORD and others known
23 and unknown to the Grand Jury, including unindicted co-conspirator
24 #1, committed various overt acts in Los Angeles County, within the
25 Central District of California, and elsewhere, including, but not
26 limited to, the following:
27 //
28 //

2

1    <u>Overt Act No. 1:</u>   On June 1, 2022, unindicted co-conspirator
2    #1 possessed loaded firearms, methamphetamine, heroin, a scale,
3    materials to package drugs, and $5,556 in cash.

4    <u>Overt Act No. 2:</u>   On July 23, 2022, defendant BRADFORD
5    identified a drug customer who wanted to purchase drugs from
6    unindicted co-conspirator #1.

7    <u>Overt Act No. 3:</u>   On July 23, 2022, defendant BRADFORD
8    instructed a drug customer to travel to a location in Reseda,
9    California to obtain drugs from unindicted co-conspirator #1.

10   <u>Overt Act No. 4:</u>   On July 31, 2022, defendant BRADFORD
11   provided unindicted co-conspirator #1 with the name and telephone
12   number of a drug customer.

13   <u>Overt Act No. 5:</u>   On August 9, 2022, defendant BRADFORD
14   offered to assist unindicted co-conspirator #1 distribute drugs to
15   customers via the "dark web."

16   <u>Overt Act No. 6:</u>   On September 28, 2022, unindicted co-
17   conspirator #1 offered to supply defendant BRADFORD with
18   methamphetamine for defendant BRADFORD to use.

19   <u>Overt Act No. 7:</u>   On November 12, 2022, defendant BRADFORD
20   identified a methamphetamine source of supply for unindicted co-
21   conspirator #1.

22   <u>Overt Act No. 8:</u>   On November 13, 2022, defendant BRADFORD
23   stored methamphetamine at his residence in Reseda, California for
24   unindicted co-conspirator #1.

25   <u>Overt Act No. 9:</u>   On November 13, 2022, defendant BRADFORD
26   packaged the methamphetamine that he was storing for unindicted co-
27   conspirator #1 and made arrangements to deliver it to unindicted co-
28   conspirator #1.

1    <u>Overt Act No. 10:</u>   On November 13, 2022, unindicted co-
2  conspirator #1 supplied defendant BRADFORD with methamphetamine for
3  defendant BRADFORD to use.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COUNT TWO

[21 U.S.C. §§ 841(a)(1), (b)(1)(C)]

On or about November 13, 2022, in Los Angeles County, within the Central District of California, defendant RYAN SCOTT BRADFORD, also known as ("aka") "Peck.erwood88," aka "Peck Erwood," aka "@Peck erwood818," knowingly and intentionally possessed with intent to distribute methamphetamine, a Schedule II controlled substance.

COUNT THREE

[18 U.S.C. § 922(g)(1)]

On or about July 27, 2023, in Los Angeles County, within the Central District of California, defendant RYAN SCOTT BRADFORD, also known as ("aka") "Peck.erwood88," aka "Peck Erwood," aka "@Peck erwood818" ("BRADFORD"), knowingly possessed ammunition, namely:

1.    76 rounds of 9mm caliber ammunition with headstamp "WIN";

2.    21 rounds of 5.56 caliber ammunition with headstamp "LC 15";

3.    9 rounds of 5.56 caliber ammunition with headstamp "LC 15" and a NATO cross;

4.    3 rounds of 5.56 caliber ammunition with headstamp "LC 16" and a NATO cross; and

5.    7 rounds of 7.62x39 caliber ammunition

in and affecting interstate and foreign commerce.

Defendant BRADFORD possessed such ammunition knowing that he had previously been convicted of the following felony crime, punishable by a term of imprisonment exceeding one year:  Burglary, in violation of California Penal Code Section 459, in the Superior Court for the State of California, County of Los Angeles, Case Number LASPA07300001, on or about October 30, 2012.

1

FORFEITURE ALLEGATION ONE

2

[21 U.S.C. § 853; 18 U.S.C. § 924; 28 U.S.C. § 2461(c)]

3    1.   Pursuant to Rule 32.2(a) of the Federal Rules of Criminal

4   Procedure, notice is hereby given that the United States of America

5   will seek forfeiture as part of any sentence, pursuant to Title 21,

6   United States Code, Section 853, Title 18, United States Code,

7   Section 924, and Title 28, United States Code, Section 2461(c), in

8   the event of defendant's conviction of any of the offenses set forth

9   in Counts One through Two of this Indictment.

10    2.   The defendant, if so convicted, shall forfeit to the United

11   States of America the following:

12        (a)   All right, title and interest in any and all property,

13   real or personal, constituting or derived from, any proceeds which

14   the defendant obtained, directly or indirectly, from any such

15   offense;

16        (b)   All right, title and interest in any and all property,

17   real or personal, used, or intended to be used, in any manner or

18   part, to commit, or to facilitate the commission of any such offense;

19        (c)   All right, title, and interest in any firearm or

20   ammunition involved in or used in any such offense; and

21        (d)   To the extent such property is not available for

22   forfeiture, a sum of money equal to the total value of the property

23   described in subparagraphs (a), (b), and (c).

24    3.   Pursuant to Title 21, United States Code, Section 853(p),

25   as incorporated by Title 28, United States Code, Section 2461(c), the

26   defendant, if so convicted, shall forfeit substitute property if, by

27   any act or omission of defendant, the property described in the

28   preceding paragraph, or any portion thereof: (a) cannot be located

upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

1                                  FORFEITURE ALLEGATION TWO

2                       [18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c)]

3          1.    Pursuant to Rule 32.2 of the Federal Rules of Criminal

4    Procedure, notice is hereby given that the United States of America

5    will seek forfeiture as part of any sentence, pursuant to Title 18,

6    United States Code, Section 924(d)(1), and Title 28, United States

7    Code, Section 2461(c), in the event of the defendant's conviction of

8    the offense set forth in Count Three of this Indictment.

9          2.    The defendant, if so convicted, shall forfeit to the United

10   States of America the following:

11               (a)   All right, title, and interest in any firearm or

12   ammunition involved in or used in any such offense; and

13               (b)   To the extent such property is not available for

14   forfeiture, a sum of money equal to the total value of the property

15   described in subparagraph (a).

16         3.    Pursuant to Title 21, United States Code, Section 853(p),

17   as incorporated by Title 28, United States Code, Section 2461(c), the

18   convicted defendant shall forfeit substitute property, up to the

19   value of the property described in the preceding paragraph if, as the

20   result of any act or omission of said defendant, the property

21   described in the preceding paragraph or any portion thereof (a)

22   cannot be located upon the exercise of due diligence; (b) has been

23   transferred, sold to, or deposited with a third party; (c) has been

24   placed beyond the jurisdiction of the court; (d) has been

25   //

26   //

27   //

28   //

                                            9

substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

A TRUE BILL

/s/
Foreperson

E. MARTIN ESTRADA
United States Attorney

CAMERON L. SCHROEDER
Assistant United States Attorney
Chief, National Security Division

MELANIE SARTORIS
Assistant United States Attorney
Deputy Chief, Terrorism and
Export Crimes Section

REEMA M. EL-AMAMY
Assistant United States Attorney
Terrorism and Export Crimes
Section